| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL III | | |
| JOSÉ MANUEL GONZÁLEZ GONZÁLEZ, EN SU CAPACIDAD DE HEREDERO DE LAS SUCESIONES DE DOÑA CARMEN GONZÁLEZ OROZCO Y DE DON CÉSAR GONZÁLEZ CALDERÍN<br><br>Demandante-Recurrido<br><br>v.<br><br>FRANCES YAMILLE GONZÁLEZ GONZÁLEZ; EN SU CAPACIDAD DE HEREDERO DE LAS SUCESIONES DE DOÑA CARMEN GONZÁLEZ OROZCO Y DE DON CÉSAR GONZÁLEZ CALDERÍN, Y COMO ALBACEA TESTAMENTARIA DE AMBAS SUCESIONES<br><br>Demandada-Peticionaria<br><br>YOLANDA GONZÁLEZ BEZDECK, CESAR GONZÁLEZ BEXDECK III, CARLOS GONZÁLEZ BEZDECK, EN SUS CAPACIDADES DE HEREDEROS DE LA SUCESIÓN DE CÉSAR GONZÁLEZ GONZÁLEZ, CÉSAR ARNALDO GONZÁLEZ Y CÉSAR GONZÁLEZ RALTY CORPORATION<br><br>Partes Interesadas | TA2025CE00845 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso núm.: SJ2024CV01684 (603)<br><br>Sobre: Sentencia Declaratoria, Remoción de Albacea, Administración Judicial, Cobro de Rentas Adeudadas, Remedios Provisionales de Embargo y/o Consignación |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 2 de diciembre de 2025.

Comparece ante este tribunal apelativo, la Sra. Frances Yamille González González (señora González González o peticionaria) mediante el recurso de *certiorari* de epígrafe, solicitándonos que revoquemos la *Resolución Interlocutoria* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 12 de noviembre de 2025, notificada al siguiente día. Mediante este dictamen, el foro primario denegó una *Moción de Desestimación* presentada por la peticionaria. Además, la peticionaria incluyó con su recurso una *Moción en Auxilio de Jurisdicción y Solicitud de Paralización de los Procedimientos*.[1]

Por los fundamentos que expondremos a continuación, denegamos la expedición del recurso de *certiorari* solicitado. En consecuencia, declaramos *No Ha Lugar* a la *Moción en Auxilio de Jurisdicción y Solicitud de Paralización de los Procedimientos*.

**I.**

El 19 de febrero de 2025, el Sr. José Manuel González González (señor González González o recurrido) incoó una demanda contra la señora González González como albacea de las sucesiones de los padres de ambos, Doña Carmen González Orozco y Don César González Calderín. Según surge de la demanda, en lo concerniente a la controversia de autos, el señor González González incluyó que interesaba que se realizara la partición del caudal hereditario de ambas sucesiones.[2]

Luego de varios incidentes procesales, innecesarios pormenorizar, el 12 de agosto de 2025, la peticionaria presentó una

---

[1] Además, presentó una *Moción Enmendada en Auxilio de Jurisdicción y Solicitud de Paralización de los Procedimientos*. También presentó una *Moción Añadiendo Apéndice*, de esta última, nos damos por enterados.

[2] Véase, el Sistema Unificado de Manejo y Administración de Casos del TPI (SUMAC TPI), Entrada núm. 1, Alegaciones núms. 24, 25, 28, 29 y 32; y las súplicas (b), (c) y (f).

*Moción de Desestimación.*[3] Mediante esta, argumentó que la demanda dejaba de exponer una reclamación que justificara la concesión de un remedio, solicitando la desestimación del pleito al amparo de la Regla 10.2(5) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2. Adujo que el señor González González no marcó, como causa de acción, la división de bienes en el Sistema Unificado para el Manejo de Casos (SUMAC), razón por la que -a su entender- no procedía que el tribunal dilucidara sobre esa causa. A su vez añadió que uno de los herederos del testamento había premuerto; por lo que, a su parecer, hacía ineficiente el testamento y obligaba a la realización de procesos sucesorios previos antes de adjudicar las verdaderas cuotas hereditarias. Por lo que, adujo que la controversia no estaba madura, adoleciendo de prematuridad.

El 22 de agosto de 2025, el recurrido presentó escrito un intitulado *Oposición a Moción de Desestimación.*[4] En esta, arguyó que la peticionaria pretendía reconsiderar una determinación dictada por el tribunal en la vista del 5 de junio, con argumentos que ya habían sido presentados y resueltos por el foro primario. De esta manera, según surge del escrito, entendió que la señora González Gonzalez pretendía utilizar el petitorio desestimatorio como alternativa a una reconsideración a la que ya no tendría derecho. Además, adujo que las alegaciones de la demanda no solo delimitan la naturaleza del caso, como uno de partición de herencia, sino que además ponen en conocimiento de la parte demandada de que uno de los remedios solicitados es precisamente la división de los bienes hereditarios.

Analizados los escritos de ambas partes, el 12 de noviembre de 2025, el TPI emitió la *Resolución Interlocutoria* recurrida, notificada el 13 de noviembre siguiente. En esta, el foro primario

---

[3] SUMAC TPI, Entrada núm. 85.
[4] SUMAC TPI, Entrada núm. 96.

coligió que, a base de su determinación judicial en corte abierta en la vista del 5 de junio de 2025, determinó que la controversia planteada por la peticionaria ya fue resuelta y constituía ahora la ley del caso, toda vez que es final y firme. Además, dispuso que la peticionaria lo que en realidad pretendía era que se desestimara la causa de acción de partición de herencia. A esto, el tribunal resolvió que la demanda contiene la solicitud de partición de herencia. Finalmente añadió que, de una lectura de la misma, el TPI concluía que el demandante pudiera tener derecho a los remedios solicitados y a probarlos en un juicio. De manera que declaró *Sin Lugar* la moción desestimatoria.

Inconforme con la determinación, la señora González González acudió ante este foro apelativo mediante el recurso de *certiorari* de epígrafe imputándole al TPI la comisión de los siguientes señalamientos de error:

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR "FINAL Y FIRME" Y APLICAR LA DOCTRINA DE LA LEY DEL CASO A UNA MERA MANIFESTACIÓN ORAL HECHA EN CORTE ABIERTA DURANTE UNA CONFERENCIA INICIAL, LA CUAL NO CONSTITUYE UNA RESOLUCIÓN ESCRITA NI UNA DECISIÓN FINAL EN LOS MÉRITOS DE CONTROVERSIA ALGUNA.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL TRATAR DE FACTO LA MOCIÓN DE DESESTIMACIÓN COMO UN INTENTO DE RECONSIDERAR UNA SUPUESTA DETERMINACIÓN FINAL, EN VEZ DE RECONOCER QUE SE TRATA DE UN PLANTEAMIENTO DE FALTA DE JURISDICCIÓN SOBRE LA MATERIA Y PREMATURIDAD DE LA ACCIÓN, DEFENSA QUE PUEDE Y DEBE FORMULARSE EN CUALQUIER ETAPA DEL PROCEDIMIENTO.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL REHUSAR DESESTIMAR AL IGNORAR QUE NO SE HAN CUMPLIDO LOS PRESUPUESTOS MATERIALES Y PROCESALES QUE EL CÓDIGO CIVIL DE PUERTO RICO EXIGE PARA ELLO, POR LO QUE LA RECLAMACIÓN ES PREMATURA Y EL TRIBUNAL DE PRIMERA INSTANCIA CARECE DE JURISDICCIÓN PARA ADJUDICARLA EN ESTE ESTADIO.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL OMITIR EXAMINAR Y ATENDER LA FALTA DE PARTE INDISPENSABLE ANTE LA INCERTIDUMBRE SOBRE LA IDENTIDAD DE LOS HEREDEROS DE CÉSAR GONZÁLEZ GONZÁLEZ, LO QUE PRIVA AL FORO DE

JURISDICCIÓN PARA ADJUDICAR LA TOTALIDAD DE LAS CAUSAS DE ACCIÓN SOLICITADAS POR EL DEMANDANTE.

Analizado el recurso, y a tenor de la determinación arribada, prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

**II.**

**Auto de *Certiorari***

El recurso de *certiorari* es el vehículo procesal discrecional disponible para que un tribunal apelativo revise las resoluciones y órdenes interlocutorias de un tribunal de inferior jerarquía. Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1; *García v. Padró*, 165 DPR 324, 334 (2005). Todo recurso de *certiorari* presentado ante este foro apelativo deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra*. Dicha regla limita la autoridad y el alcance de la facultad revisora de este foro apelativo sobre órdenes y resoluciones dictadas por el foro de primera instancia, revisables mediante el recurso de *certiorari*. La referida norma dispone como sigue:

> Todo procedimiento de apelación, certiorari, certificación, y cualquier otro procedimiento para revisar sentencias y resoluciones se tramitará de acuerdo con la ley aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico.
> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, **solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.** No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando **se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia**. Al denegar la expedición de un recurso de certiorari en

> estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales. Regla 52.1 de Procedimiento Civil, supra. [Énfasis Nuestro].

Por tanto, el asunto que se nos plantea en el recurso de *certiorari* deberá tener cabida bajo alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, *supra*. Ello, debido a que el mandato de la mencionada regla dispone expresamente que solamente será expedido el auto de *certiorari* para la revisión de remedios provisionales, interdictos, denegatoria de una moción de carácter dispositivo, admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia y en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Así, pues, para determinar si debemos expedir un auto de *certiorari* debemos determinar primeramente si el asunto que se trae ante nuestra consideración versa sobre alguna de las materias especificadas en la Regla 52.1 de las de Procedimiento Civil, *supra*. Sin embargo, aun cuando el asunto esté contemplado por dicha regla, para determinar si procede la expedición de un recurso y poder ejercer sabiamente nuestra facultad discrecional, debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025), que dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estos criterios sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Es decir, que el examen que emplea el foro apelativo no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG*, 205 DPR 163, 176 (2020).

De otra parte, el ejercicio de las facultades del Tribunal de Primera Instancia merece nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *BBPR v. SLG Gómez-López*, 213 DPR 314, 334-335 (2023); *Ramos v. Wal-Mart*, 165 DPR 510, 523 (2006); *Rivera Durán v. Banco Popular de Puerto Rico*, 152 DPR 140,155 (2000).

**III.**

En esencia, la peticionaria adujo que erró el foro primario al denegar la moción de desestimación. Arguyó que el TPI carecía de jurisdicción por falta de parte indispensable y prematuridad, y que no aplicaba la doctrina de ley del caso. De manera que razonó que

procedía, inevitablemente, desestimar el caso al amparo de la Regla 10.2 (5) de las de Procedimiento Civil, *supra*.

Analizado el recurso ante nuestra consideración, en principio, señalamos que todo auto de *certiorari* presentado ante este foro intermedio deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra*. De una lectura de la referida norma, surge que nuestro ordenamiento jurídico procesal permite la intervención del foro apelativo mediante *certiorari* para revisar una determinación sobre la denegatoria de una moción de carácter dispositivo como acontece en el presente caso. Sin embargo, cabe señalar, a su vez, que superados los criterios de la Regla 52.1, *supra*, para determinar si procede la expedición de un recurso y poder ejercer sabiamente nuestra facultad discrecional, debemos acudir a lo dispuesto en la Regla 40, *supra*.

Al respecto, examinado el recurso presentado, así como los documentos incluidos en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), colegimos que, al palio de la Regla 40 de nuestro Reglamento, antes citada, no procede intervenir en esta etapa de los procedimientos. Esto, debido a que no se nos ha demostrado que el TPI haya incurrido en error, abuso de discreción o actuado bajo prejuicio o parcialidad en el manejo del caso. La peticionaria tampoco nos persuade a concluir que sea necesaria ejercer nuestra facultad revisora para evitar un fracaso irremediable de la justicia.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del recurso de *certiorari* solicitado. En consecuencia, declaramos *No Ha Lugar* a la *Moción Enmendada en Auxilio de Jurisdicción y Solicitud de Paralización de los Procedimientos*.

Notifíquese Inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones